IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCELLUS SMITH, on behalf of himself and similarly situated employees, | : CIVIL ACTION |
| Plaintiff, | : NO. _____ |
| v. | : CLASS/COLLECTIVE ACTION |
| MILLER FLOORING COMPANY, INC., | : JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Plaintiff Marcellus Smith ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class/collective action lawsuit against Defendant Miller Flooring Company, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (FLSA collective actions and Rule 23 class actions may proceed together in same lawsuit).

### JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

### PARTIES

4. Plaintiff is an individual residing in Folcroft, PA (Delaware County).

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant is a corporate entity headquartered in West Chester, PA (Delaware County).

7. Defendant is an employer covered by the FLSA and the PMWA.

## FACTS

8. Defendant owns and operates a flooring construction and installation business.

9. During the three-year period relevant to this lawsuit, Defendant has employed hundreds of individuals who are paid on an hourly basis and whose duties include, *inter alia*, the installation, finishing, and/or maintenance of flooring products.

10. Plaintiff was employed by Defendant as an Hourly Employee from approximately August 2001 until approximately March 2015.

11. The hourly rates paid to Plaintiff and other Hourly Employees vary depending on the particular customer and job assignment. For example, during week ending November 1, 2014, Plaintiff was paid at hourly rates of $22.50 and $27.57.

12. During weeks in which Plaintiff and other Hourly Employees are credited with working a combined total of over 40 hours at two or more different pay rates, Defendant generally calculates the overtime premium rate by multiplying the week's lowest hourly rate by 1.5. For example, during the week ending November 1, 2014, Defendant paid Plaintiff an overtime premium pay rate of $33.75, which was arrived at by multiplying $22.50 by 1.5. This practice violated the FLSA and PMWA because it failed to factor Plaintiff's higher $27.57 pay rate into the overtime premium calculation. See 29 C.F.R. § 778.115; 34 Pa. Code 231.43.

13. More significantly, Defendant has failed to give Plaintiff and other Hourly Employees any payroll credit for many reported work hours. For example, during the week

2

ending November 1, 2014, Plaintiff reported working a total of 52 hours but was paid for only 46.25 hours. Likewise, during the week ending October 25, 2014, Plaintiff reported working a total of 44 hours but was paid for only 40 hours.

14. Defendant's failure to credit many of the work hours reported by Plaintiff and other Hourly Employees was widespread and was the subject of many complaints and discussions among the Hourly Employees.

15. Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions by (i) failing to pay Plaintiff and other Hourly Employees for overtime hours actually worked and (ii) miscalculating the applicable overtime premium rate during weeks in which some overtime has been paid.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings this lawsuit on behalf of himself and other individuals employed by Defendant within the past three years and paid on an hourly basis.

17. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common timekeeping and compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

18. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

19. The class includes hundreds of individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

20. Plaintiff is a class member, his claims are typical of the claims of other class

members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

21. Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

22. Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendant's companywide timekeeping and compensation policies. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

23. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

24. All previous paragraphs are incorporated as though fully set forth herein.

25. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. See 29 U.S.C. § 207(a)(1).

26. Defendant has violated the FLSA by (i) failing to pay Plaintiff and other Hourly Employees for overtime hours actually worked and (ii) miscalculating the applicable overtime premium rate during weeks in which some overtime has been paid.

27. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

28. All previous paragraphs are incorporated as though fully set forth herein.

29. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. See 43 P.S. § 333.104(c).

30. Defendant has violated the PMWA by (i) failing to pay Plaintiff and other Hourly Employees for overtime hours actually worked and (ii) miscalculating the applicable overtime premium rate during weeks in which some overtime has been paid.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. An order permitting this action to proceed as a collective and class action;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA collective informing them of this action and permitting them to join (or "opt-in" to) this action;

C. Unpaid wages and prejudgment interest to the fullest extent permitted under federal and state law;

D. Liquidated damages to the fullest extent permitted under the FLSA;

E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

F. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

Date: January 27, 2016

Respectfully,

_____
Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*For Plaintiff*

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____M. Smith_____
Signature

_____Marcellus Smith_____
Name (Please Print Clearly)